IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANASTASIA WOODS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CLAIRMONT PLACE ) | |
| CONDOMINIUM ASSOCIATION, ) | |
| INC, ) | |
| ) | |
|    Defendant. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Anastasia Woods ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") against Defendant Clairmont Place Condominium Association, Inc. ("Defendant"), and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Stephen Winter, 3490 Piedmont Road, N.E., Suite 800, Atlanta, Georgia 30305.

## **FACTUAL ALLEGATIONS**

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to Title VII.

10.

Plaintiff was previously employed by Defendant, prior to 2022.

11.

In or about early May 2022, Defendant asked Plaintiff to return to work as a Care Partner.

12.

Given Plaintiff's prior positive performance working for Defendant, Plaintiff was advised that she did not need to interview for the position. Plaintiff was only required to take a drug test and submit her fingerprints for a background check.

13.

Plaintiff was pregnant at the time at all times relevant.

14.

Prior to Plaintiff's planned return to work with Defendant, Plaintiff's mother worked a private job for a resident of Defendant's assisted living facility. An older, female employee of Defendant asked Plaintiff about and Plaintiff's mother told her that Plaintiff was pregnant. Another employee, the Coordinator, Shae, also learned of Plaintiff's pregnancy.

15.

On or about May 16, 2022, Plaintiff received her negative drug test results and immediately brought them to Defendant. On or about May 17, 2022, Plaintiff had my fingerprints taken. Later that day, Plaintiff called Tamian Hill, Defendant's HR representative, and asked if she would be starting the next day. Ms. Hill told Plaintiff that she had bad news, and that she did not think it would be smart for Plaintiff to start working there while pregnant. Plaintiff began to cry because she had given up another job opportunity to work for Defendant. Plaintiff asked Ms.

Hill why she couldn't work there while pregnant, and Ms. Hill simply said, "I'm sorry, Anna."

16.

Any reason given for Defendant's termination/failure to hire Plaintiff is pretext for unlawful discrimination, based on gender (pregnancy), in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

17.

Plaintiff was qualified to perform the position for which she applied with Defendant.

18.

As a result of Defendant's unlawful actions, Plaintiff has suffered damages, including lost wages and emotional distress.

## CLAIMS FOR RELIEF

## COUNT I

## TITLE VII GENDER DISCRIMINATION (PREGNANCY)

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Plaintiff is a member of a protected class, i.e., she was a pregnant woman.

21.

Title VII, as amended, prohibits Defendant from discriminating against Plaintiff based on pregnancy.

22.

Defendant violated Plaintiff's rights under Title VII by terminating her, or failing to hire her because of her protected characteristic. Plaintiff's gender (pregnancy) was a determinative factor in Defendant's decision to terminate Plaintiff's employment, or failure to hire Plaintiff.

23.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender (pregnancy), in violation of Title VII.

24.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

25.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

26.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

27.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorneys' fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)      Injunctive relief of hire, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)      All other relief to which she may be entitled.

Respectfully submitted, this 24th day of October, 2022.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com